IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLIFTON H. JOHNSON                                                                    PLAINTIFF

vs.                                         Civil No. 4:14-cv-04083

CAROLYN COLVIN                                                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Clifton Johnson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff's application for SSI was filed on February 25, 2011.  (Tr. 12, 73-81).  Plaintiff alleged he was disabled due to nerve and back issues.  (Tr. 106).  Plaintiff alleged an onset date of February 24, 2011.  (Tr. 12, 74).  This application was denied initially and again upon reconsideration. (Tr. 33-35, 39-40).  Thereafter, Plaintiff requested an administrative hearing on his

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

1

application and this hearing request was granted. (Tr. 41).

Plaintiff's administrative hearing was held on February 12, 2013. (Tr. 340-361). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Lakdera Parker testified at this hearing. *Id.* At the time of this hearing, Plaintiff was thirty-eight (38) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 342-343).

On March 22, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 12-21). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 25, 2011, his alleged onset date. (Tr. 14, Finding 1). The ALJ also determined Plaintiff had the severe impairments of history of left hip gunshot wound with residual of left foot drop, cervical degenerative disease, and residuals from right hand pinky finger surgery. (Tr. 14, Finding 2). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 17-20). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to lift twenty pounds occasionally and ten pounds frequently; to stand or walk for two hours in an eight-hour workday; to sit for six hours in an eight-hour workday; should avoid heights, vibrations, wet and humid environments, and climbing ropes, ladders, and scaffolds; and should not crawl but has the ability to perform the remaining postural activities at the occasional level. (Tr. 16, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20, Finding 7). The ALJ found Plaintiff was unable to perform his PRW as a laborer. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 20, Finding 11). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as cashier with 1,100 such jobs Arkansas and 140,000 such jobs in the nation, order clerk with 2,400 such jobs in Arkansas and 185,000 such jobs in the nation, and charge account clerk with 1,400 such jobs in Arkansas and 180,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from February 25, 2011, through the date of the decision. (Tr. 21, Finding 12).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 8). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-6). On June 26, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 26, 2014. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing, (B) in the RFC determination, and (C) in failing to present a proper hypothetical to the VE. ECF No. 12, Pgs. 4-19. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13.

#### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included a history of left hip gunshot wound with residual of left foot drop, cervical degenerative disease, and residuals from right hand pinky finger surgery. (Tr. 14, Finding 2). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden

5

of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues he meets a Listing under Section 11.04 for central nervous system vascular accident, 1.02 for major dysfunction of a joint, and Listing 1.04 for disorders of the spine. ECF No. 12, Pgs. 9-12. Defendant argues Plaintiff has failed to establish he meets theses Listings. ECF No. 13, Pgs. 12-15.

Plaintiff alleges he meets Listing 11.04 because he has been diagnosed with severe lower extremity neuropathy. To meet Listing 11.04 there must be a central nervous system vascular accident with: (A) Sensory or motor aphasia resulting in ineffective speech or communication; or (B) Significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station; each more than 3 months post-vascular accident.

To begin with, there is no medical evidence that Plaintiff has suffered a central nervous system vascular accident. Further, even assuming Plaintiff met this, he has not shown either ineffective speech or communication, or disorganization of motor function in two extremities.

Impairments found under Listing 1.02 for major joint dysfunction requires evidence of:

> major dysfunction of a joint characterized by gross anatomical deformity (e.g., subluxation, contracture, bony, or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint, and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint, with involvement of one major peripheral weight-bearing joint (i.e. hip, knee, or ankle), resulting in an inability to ambulate effectively, as defined in 1.00B2b or involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02.

An "inability to ambulate effectively" is an extreme limitation of the ability to walk, i.e., an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is having insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living, and they must be able to travel without companion assistance to and from a place of employment or school. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2). Examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. *Id*.

In this matter, Plaintiff has failed to establish he is unable to ambulate effectively. Plaintiff has no evidence he has to use a walker, two crutches, or two canes to walk, or that a physician prescribed these items. Further, Plaintiff presented no diagnostic medical evidence showing he has a major dysfunction of a joint characterized by gross anatomical deformity, and findings on medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joints.

An "inability to perform fine and gross movements effectively" means an extreme loss of function of both upper extremities; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. To use their upper

extremities effectively, individuals must be capable of sustaining such functions as reaching, pushing, pulling, grasping, and fingering to be able to carry out activities of daily living. Examples of inability to perform fine and gross movements effectively include, but are not limited to, the inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2c.

There is no credible evidence showing Plaintiff is prohibited from ambulating effectively with a major peripheral joint in each upper extremity resulting in inability to perform fine and gross movements effectively. Also, it should be noted, when asked to identify the abilities affected by he conditions, Plaintiff did not identify using hands as one of the abilities affected. (Tr. 106).

Finally, a listing under 1.04 for disorders of the spine, requires evidence of:

> disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord with:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
> or
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
> or
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04.

Listing 1.04 requires medical evidence of nerve root compression, sensory or reflex loss, and a positive straight-leg raising test. 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04(A). Plaintiff has failed to provide medical evidence that documents the criteria for the listed impairment are met. A magnetic resonance imaging (MRI) examination of Plaintiff's lumbar spine from August 16, 2004, was normal. (Tr. 320).

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b). Plaintiff has not met this burden. I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir.

9

2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to lift twenty pounds occasionally and ten pounds frequently; to stand or walk for two hours in an eight-hour workday; to sit for six hours in an eight-hour workday; should avoid heights, vibrations, wet and humid environments, and climbing ropes, ladders, and scaffolds; and should not crawl but has the ability to perform the remaining postural activities at the occasional level. (Tr. 16, Finding 4). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 12, Pgs. 11-14. However, substantial evidence supports the ALJ's RFC determination.

In reviewing Plaintiff's medical evidence of record, most of records are from the Arkansas Department of Correction ("ADC") from October 29, 1997 through February 24, 2011. (Tr. 146-232). Plaintiff alleged he became disabled the day after he was released from prison and was paroled to Lafayette County, Arkansas on February 24, 2011. (Tr. 161).

The ADC medical records show Plaintiff did not take any pain medications while he was in prison, other than over-the-counter ibuprofen. (Tr. 167, 205, 209, 211, 213, 215). Also, records show Plaintiff had drop foot on his left foot for which he wore a brace. As a result, Plaintiff was restricted from assignment requiring prolonged crawling, stooping, running, jumping, walking, or standing. (Tr. 165, 170). Even, with those restrictions Plaintiff was working in prison using a jack hammer and picking up iron. (Tr. 160, 162-163). This activity supports the ALJ's RFC assessment.

On July 6, 2011, Plaintiff was seen for a General Physical Examination. (Tr. 234-238). Plaintiff complained of numbness and drop foot in the left leg due to a gunshot injury in 1999, and numbness to his arms, hands, and fingers due to a neck injury he suffered playing football in 2000

or 2001, while he was incarcerated. (Tr. 234). Plaintiff had normal range of motion of his shoulders, elbows, wrists, hands, hips, knees, and right ankle, with limited range of motion of his left ankle and cervical and lumbar spines. (Tr. 236). Plaintiff had normal reflexes of his biceps, triceps, and right patellar and Achilles tendon, with decreased reflexes on the left; normal muscle strength throughout, with only muscle weakness (2/5) on his left foot and ankle; no muscle atrophy and no sensory abnormalities in the right foot; and an uneven gait. (Tr. 237). Plaintiff had normal limb function; normal (100%) grip strength with both hands; could stand and walk without assistive devices; walk on heel and toes; and could squat and arise from a squatting position. *Id.*

On July 2, 2012, Plaintiff went to the University of Arkansas for Medical Sciences ("UAMS") emergency room with a foot injury and a laceration to right hand palm. (Tr. 301). Plaintiff stated he was trying to break up a fight and grabbed the wrong end of the knife, cutting his hand, and that a car ran over his foot, resulting in a spiral fracture of the fibula. (Tr. 263, 266, 299, 301). On July 5, 2012, Plaintiff underwent surgery to repair lacerations to his right small finger. (Tr. 297-304). On August 15, 2012 Plaintiff's fibula fracture was healing and was allowed full weight bearing. (Tr. 260, 263).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. Step 5 Determination

At Step Five of a disability determination, the SSA has the burden of establishing that a

claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart*, 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue*, 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart*, 321 F.3d 766, 768-769 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge*, 321 F.3d at 768-769.

In this matter, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to perform to lift twenty pounds occasionally and ten pounds frequently; to stand or walk for two hours in an eight-hour workday; to sit for six hours in an eight-hour workday; should avoid heights, vibrations, wet and humid environments, and climbing ropes, ladders, and scaffolds; and should not crawl but has the ability to perform the remaining

postural activities at the occasional level. (Tr. 16, Finding 4). In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 358-360). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 20, Finding 11). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 21, Finding 12).

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed in both the national and regional economy for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **14th day of May 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE